UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RAY HAWES,<br><br>               Plaintiff,<br><br>      v.<br><br>E. G. BROWN, et al.,<br><br>               Defendants. | Case No. 17-cv-05166-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

For the second time this year, plaintiff Terry Hawes has filed a federal civil rights action under 42 U.S.C. § 1983 in which he alleges that his 2009 state convictions for rape and other crimes are invalid and that in consequence he is owed money damages by the Governor of the State of California and the state superior court judge who presided over his criminal trial.

His prior action (*Hawes v. Brown*, No. 3:17-cv-02400-WHO) was dismissed because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As was made clear in the prior dismissal order, *Heck* bars section 1983 actions for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. *Id.* at 486-487. The *Heck* bar can be avoided if a plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

1    authorized to make such determination, or called into question by a federal court's

2    issuance of a writ of habeas corpus. *Id.*

3         In this instant action, Hawes has made no showing, nor even alleged, that *Heck* does

4    not bar his case. Accordingly, this action is DISMISSED without prejudice.

5         As was stated in the prior dismissal order, Hawes may refile his suit if he can show

6    that his conviction has been invalidated in one of the ways specified in *Heck*. If he refiles,

7    he should be aware of the following. His claims for damages against the trial court judge

8    will never be sustainable. A state judge is absolutely immune from civil liability for

9    damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547,

10   553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Presiding

11   over Hawes's trial and imposing sentence are without doubt acts performed in the judge's

12   judicial capacity.

### CONCLUSION

13

14        This federal civil rights action is DISMISSED. The Clerk shall enter judgment in

15   favor of defendants, and close the file.

16        **IT IS SO ORDERED.**

17   **Dated:** September 19, 2017

18                                              _____
19                                              WILLIAM H. ORRICK
                                                United States District Judge
20

21

22

23

24

25

26

27

28

2